# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

—————————

## NO. 03-19-00038-CV

—————————

**Stacey Scott, Appellant**

**v.**

**City of New Braunfels, New Braunfels Police Department, Richard D. Hillyer, Wayne Peters, and Does 1 through 10, Inclusive, Appellees**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. C2015-1802B, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Stacey Scott, representing herself pro se, seeks to appeal the trial court's dismissal of her suit for want of prosecution. In June 2018, the clerk of the district court sent notice to Scott that her suit, filed in 2015, would be dismissed for want of prosecution, absent a showing of good cause. *See* Tex. R. Civ. P. 165a(1) ("Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party . . . whose address is shown on the docket or in the papers on file . . . ."). In response, Scott filed a motion to retain stating that she needed additional time to "secure waivers of citation for the involuntary plaintiffs." *See id.* ("[T]he court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket.").

On August 29, 2018, the trial court signed an order dismissing Scott's suit for want of prosecution, and Scott subsequently timely filed a motion to reinstate. *Id.* R. 165a(3)

("[A motion to reinstate] shall be filed with the clerk within 30 days after the order of dismissal is signed . . . ."). Under the Rules of Appellate Procedure, the deadline for Scott to file her notice of appeal was November 27, 2018. *See* Tex. R. App. P. 26.1 (providing that ordinarily, notice of appeal must be filed within thirty days after judgment is signed); *id.* R. 26.1(a)(3) (providing that when motion to reinstate is timely filed, notice of appeal must be filed within ninety days after judgment is signed). Scott filed her notice of appeal on January 14, 2019.

On February 22, 2019, the Clerk of this Court notified Scott that it appeared from the trial court clerk's record that her notice of appeal was untimely and, as a result, that this Court lacks jurisdiction over this appeal. In response to our notice, Scott informed the Court that "the trial court's dismissal order should not have triggered the appellate timetable because it did not provide sufficient notice to all Plaintiffs in this case." Ordinarily, a party's deadline for filing a notice of appeal is computed from the date the final judgment or other appealable order was signed. *See* Tex. R. App. P. 26.1; Tex. R. Civ. P. 306a. By complying with certain rules of procedure, a party who does not receive notice of a judgment or appealable order within twenty days after it is signed may, effectively, obtain an extension of her appellate deadlines. *See* Tex. R. App. P. 4.2 (additional time when no notice of judgment in civil case); Tex. R. Civ. P. 306a(4), (5). Here, Scott does not contend, and the record does not reveal, that she failed to receive timely notice of the trial court's dismissal order or that she obtained an extension of her appellate deadline.

Because Scott's notice of appeal was not timely filed, this Court lacks jurisdiction to consider this appeal. *See* Tex. R. App. P. 25.1(b). We dismiss this appeal for want of jurisdiction. *See id.* R. 42.3(a).

2

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Dismissed for Want of Jurisdiction

Filed:   April 10, 2019

3